# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CHRISTA McHENRY,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>　　　　**Defendant.** | Case No. 14-2178 |

## REPORT AND RECOMMENDATION

Plaintiff Christa McHenry seeks review under 42 U.S.C. § 405(g), of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#16)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings.

**I.      Background**

On February 25, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning April 2, 2002. The claims were denied initially and upon reconsideration. On February 15, 2012, Plaintiff, represented by counsel, appeared for a hearing in front of an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and an impartial vocational expert.

On April 16, 2013, the ALJ issued an unfavorable decision (R. 22-31.) The ALJ found that Plaintiff has the severe impairments of fibromyalgia and glossodynia (20 CFR 404.1520(c) and 416.920(c)). The ALJ determined that Plaintiff's impairments did

not meet or medically equal the listings and that Plaintiff retained the residual functional capacity (RFC) to:

> "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can sit continuously for 1 hour and can stand and or walk continuously for 30 minutes. She can occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds but can frequently stoop, kneel, crouch and crawl."

(R. 28.) The ALJ found that Plaintiff did not have any past relevant work, but found that jobs exist in significant numbers in the regional and national economy that Plaintiff can perform. (R. 32.) Therefore, the ALJ found Plaintiff not disabled. The ALJ's ruling became the Commissioner's final decision when the Appeals Council denied review.

## II.     Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III.    Discussion

### a. Medical Opinions

Plaintiff's Motion makes several arguments, and the Court first considers whether the ALJ improperly evaluated the medical opinion evidence. The ALJ

2

evaluated the opinion of treating physician Dr. Davis. The ALJ must give controlling weight to a treating source's opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Punzio v. Astrue*, 630 F. 3d 704, 710 (7th Cir. 2011) (citing § 404.1527(c)). An ALJ may decide not to give a treating physician's medical opinion controlling weight "if it is inconsistent with the opinion of a consulting physician, or when the treating physician's opinion is internally inconsistent." *Skarbek v. Barnhart*, 390 F. 3d 500, 503 (7th Cir. 2004).

At the time the ALJ issued her decision, Plaintiff's records included a November 2011 opinion from Dr. Davis. In this opinion, Dr. Davis concluded that "[a]t this point in hearing the patient's story, I'm not sure that she would be able to maintain gainful employment. She would have frequent absences and extreme difficulties with concentrations. If she stands too long or has physical type of work she has increased muscle spasms and pain." (R. 409.) The ALJ considered this opinion and gave it "some weight" and gave "more weight" to the opinions of the State Agency consultants. (R. 31.) Plaintiff does not dispute the ALJ's treatment of Dr. Davis' November 2011 opinion, but instead argues that the ALJ erred by failing to evaluate a letter submitted by Dr. Davis in July 2013.

As the Commissioner notes, the ALJ issued her opinion on April 16, 2013, months before Dr. Davis issued his July 2013 opinion. However, the Appeals Council received the opinion letter in the request for review.

"Under 20 C.F.R. § 404.970(b), additional evidence submitted to the Appeals Council will be evaluated only if it is 'new and material' and 'relates to the period on or before the date of the [ALJ] hearing decision.' If the newly submitted evidence satisfies these conditions, the Appeals Council shall incorporate that evidence into the administrative record and shall then evaluate that record, 'including the new and

material evidence.' However, the Council will only grant de novo review of the ALJ's decision if it determines, based on the supplemented record, that the ALJ's conclusions are 'contrary to the weight of the evidence.' *Stepp v. Colvin*, 795 F.3d 711, 721 (7th Cir. 2015) (internal citations omitted).

"Our ability to review the Appeals Council's decision in the instant case is dependent on the grounds on which the Council declined to grant plenary review. If the Council determined [the plaintiff's] newly submitted evidence was, for whatever reason, not new and material, and therefore deemed the evidence 'non-qualifying under the regulation,' we retain jurisdiction to review that conclusion for legal error. However, if the Appeals Council deemed the evidence new, material, and time-relevant but denied plenary review of the ALJ's decision based on its conclusion that the record—as supplemented—does not demonstrate that the ALJ's decision was 'contrary to the weight of the evidence'—the Council's decision not to engage in plenary review is 'discretionary and unreviewable.'" *Id.* at 722 (citations omitted).

Therefore, the Court must determine whether the Appeals Council determined Dr. Davis' July 2013 letter to be "new and material." The Appeals Council's order read:

> "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."

(R. 2.) In *Stepp*, the Seventh Circuit found that it was not clear whether the Appeals Council determined whether the new evidence was "new and material" when the Appeals Council order did not reference the new evidence by name, even when the new evidence was included in the list of exhibits." *Id.* at 724. The Appeals Council order in *Stepp* also did not specify whether the Appeals Council found the evidence considered to be new and material. *Id.* The *Stepp* order included the same language used in this case that the Appeals Council "considered whether the [ALJ's] action, findings, or

4

conclusion is contrary to the weight of evidence of record." *Id*. The Appeals Council order in the present case is very similar as it does not refer specifically to Dr. Davis' 2013 letter (though it was listed as an exhibit) and does not state whether the Appeals Council found the new evidence presented to be new and material. As in *Stepp*, the Court recommends a finding that the Appeals Council's order is insufficient for the Court to determine whether the Appeals Council accepted Dr. Davis' 2013 Letter as new and material. The Court therefore reviews the Appeals Council's decision *de novo*. *Id*. at 725.

Dr. Davis' 2013 opinion was certainly new, but the Court must also consider whether it was "material" in that "it creates a 'reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered.'" *Id*. The Commissioner argues that Dr. Davis's July 2013 opinion was substantially similar to Dr. Davis' November 2011 opinion and therefore it was not new material evidence. The ALJ discounted Dr. Davis' November 2011 opinion because it relied substantially on Plaintiff's subjective statements. The July 2013 opinion, however, provides substantially more details of Plaintiff's pain and limitations and offers further explanation of Dr. Davis' conclusions. (R. 422.) The July 2013 opinion details Plaintiff's history of treatment and successes and failures. To contrast, the November 2011 opinion stated that Dr. Davis reached his conclusion based on hearing Plaintiff's "story." (R. 409.) While it is not certain that a review of the July 2013 opinion will change the ALJ's disability determination, there is at least a "reasonable probability" that a different conclusion would have been reached if the ALJ considered the July 2013 opinion. The Court therefore recommends the case be remanded for the ALJ to consider Plaintiff's RFC in light of Dr. Davis' July 2013 opinion.

IV. **Conclusion**

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **GRANTED**, Defendant's Motion for Summary Judgment **(#16)** be **DENIED**, and that this case be remanded under Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. The parties are advised

that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 23rd day of March, 2016.

                                                            s/DAVID G. BERNTHAL
                                          UNITED STATES MAGISTRATE JUDGE